Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Humberto Vizuete Lorenzo y Loalys Ramos Rosario<br><br>Recurridos<br><br>vs.<br><br>Lina P. Del Toro Zapata; Raymond Frías y la Sociedad Legal de Gananciales<br><br>Peticionarios | KLCE202401373 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2023CV01331<br><br>Sobre: Incumplimiento de Contrato; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparecen ante nos, la señora Lina P. Del Toro Zapata, el señor Raymond Frías y la Sociedad Legal de Gananciales por ellos compuesta (en conjunto, peticionarios o matrimonio Del Toro-Frías), quienes presentan recurso de *Certiorari* en el que solicitan la revocación de la "Resolución" emitida el 22 de octubre de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la petición de sentencia sumaria presentada por los peticionarios.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, denegamos expedir el recurso por los fundamentos que expondremos a continuación.

**I.**

El 2 de agosto de 2023, el señor Humberto Vizuete Lorenzo y la señora Loalys Ramos Rosario (en conjunto, recurridos) radicaron

---

[1] Notificada el 24 de octubre de 2024.

Número Identificador

RES2025 _____

una "Demanda" por incumplimiento contractual y daños y perjuicios contra los peticionarios. En apretada síntesis, alegaron que, el 2 de julio de 2022, las partes firmaron un "Contrato de Arrendamiento y Opción de Compra" sobre una propiedad situada en el término municipal de Cabo Rojo. Afirmaron que, mediante actos intencionales y de mala fe, el matrimonio Del Toro-Frías impidió que el cierre de la compraventa se pudiese concretar dentro del término pactado para ejercer la opción de compra. Ante la realidad de que los peticionarios se han negado a vender el inmueble objeto del contrato, exigieron el cumplimiento específico del mismo, una cuantía ascendente a $100,000.00 en concepto de daños morales y contractuales, más la suma de $5,000.00 en honorarios de abogado.

Por su parte, el matrimonio Del Toro-Frías presentó su "Contestación a Demanda" el 3 de octubre de 2023, y negó varias de las alegaciones contenidas en la reclamación. A su vez, instó una reconvención solicitando el desahucio de los recurridos, toda vez que estos se han negado a desalojar la vivienda tras el vencimiento del contrato de arrendamiento.

Los recurridos instaron su "Contestación a Reconvención" el 30 de octubre de 2023. Indicaron que el canon de arrendamiento se continúa pagando mes a mes, y según los términos del acuerdo original.

Así las cosas, el 22 de marzo de 2024, el matrimonio Del Toro-Frías presentó una "Moción Solicitando se dicte Sentencia Sumaria en cuanto a una Parte del Pleito (la Demanda)" y, en resumidas cuentas, argumentó que: (1) el plazo de una opción de compraventa es uno de caducidad; (2) según el propio contrato, el plazo para ejercer la opción caducó el 1 de julio de 2023; (3) la dueña de la casa no estaba obligada a extender el plazo de la opción y, de buena fe, cooperó en el proceso de financiamiento de

la propiedad; y (4) el financiamiento del inmueble no se concretó por causas únicamente atribuibles a los recurridos.

Por otro lado, el 15 de abril de 2024, los recurridos presentaron una "Moción en Oposición a Solicitud de Sentencia Sumaria Radicada por la Parte Demandada y en Solicitud de Sentencia Sumaria a favor de la Parte Demandante". Sostuvo que: (1) la ley no establece la finalización del término de un contrato de opción como uno de caducidad; (2) el contrato suscrito por las partes no dispone que el término para ejercer la opción de compra sería uno de caducidad, (3) en efecto, los recurridos ejercieron su derecho de opción llevando a cabo actos afirmativos tendentes a la adquisición de la vivienda, (4) los peticionarios actuaron de mala fe, ya que informaron su intención de no vender la casa luego de que los recurridos ya tenían aprobado el préstamo hipotecario para la compra de la propiedad.

Evaluados los escritos presentados por ambas partes, el 22 de octubre de 2024,[2] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar las solicitudes de sentencia sumaria presentadas por ambas partes. Razonó que existen controversias de hechos esenciales que impiden que el caso sea resuelto por la vía sumaria.

Inconforme, el 8 de noviembre de 2024, el matrimonio Del Toro-Frías presentó una "Moción de Reconsideración y Solicitando Determinaciones de Hecho Adicionales", y peticionó que se: (1) adicionen 16 hechos que, a su entender, son pertinentes y están incontrovertidos; (2) deje sin efecto o modifiquen 4 determinaciones de hecho; y (3) reconsidere el dictamen porque no existen hechos materiales y esenciales en controversia.

---

[2] Notificada el 24 de octubre de 2024.

Ese mismo día, entiéndase, el 8 de noviembre de 2024,[3] el foro primario declaró No Ha Lugar la petición de reconsideración solicitada por los peticionarios.

Aún insatisfecho, el matrimonio Del Toro-Frías recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

1. *Erró el Tribunal de Primera Instancia al no hacer determinaciones sobre los siguientes hechos enumerados en párrafos separados contenidos en la solicitud de sentencia sumaria presentada por la parte aquí demandada-recurrente:*
2. *Erró el Tribunal de Primera Instancia al no hacer una determinación sobre los hechos esenciales y pertinentes que están realmente y de buena fe en controversia.*
3. *Erró el Tribunal de Primera Instancia al declarar sin lugar la solicitud de sentencia sumaria presentada por la parte demandada recurrente y en consecuencia, no decretar la desestimación de la demanda en todas sus partes, y ordenar la continuación de los procedimientos en cuanto a la reconvención.*

## II.

### -A-

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3)

---

[3] Notificada el 13 de noviembre de 2024.

anotaciones de rebeldía; (4) casos de relaciones de familia; y (5) pleitos que revistan interés público, o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Nuestro Alto Foro ha expresado que el auto de *Certiorari* constituye un vehículo procesal discrecional que faculta a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Si bien el tribunal revisor posee discreción para autorizar su expedición y adjudicar sus méritos, lo cierto es que, para atender el recurso solicitado no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Por lo que, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados ante nos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición del auto:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**-B-**

La sentencia sumaria constituye el mecanismo procesal adecuado para resolver de manera justa, rápida y económica aquellos pleitos que no contienen controversias genuinas sobre hechos esenciales y, por tanto, resulta innecesaria la celebración de un juicio. *BPPR v. Zorrilla Posada et al.*, 2024 TSPR 62. De este modo, el Tribunal solo podrá dictar sentencia sumariamente si la parte promovente demuestra "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". Reglas 36.1 y 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.2. Un hecho esencial y pertinente es aquel que puede "alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable". *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47.

La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a), dispone que la solicitud de sentencia sumaria deberá contener lo siguiente:

> *(1) Una exposición breve de las alegaciones de las partes;*
>
> *(2) los asuntos litigiosos o en controversia;*
>
> *(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
>
> *(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
>
> *(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
>
> *(6) el remedio que debe ser concedido*

Por otro lado, la parte que se opone a que se resuelva el pleito por la vía sumaria deberá presentar su contestación dentro del término de 20 días desde que le fue notificada la moción. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si no

contesta dentro de este término, la solicitud quedará sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e).

Además, quien se opone deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). En otras palabras, deberá: (1) refutar los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia; y (2) hacer referencia a la evidencia sustancial donde se establecen los mismos. Regla 36.3(b) de Procedimiento Civil, *supra*. Así, no podrá descansar únicamente en sus alegaciones, sino que tiene que demostrar que, en efecto, posee prueba para sustanciar sus alegaciones. *BPPR v. Zorrilla Posada et al.*, *supra*, citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 328 (2013).

Ahora bien, el hecho de que la parte opositora no se presente prueba para controvertir la evidencia presentada por el promovente no supone la concesión automática de una moción de sentencia sumaria. *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 337 (2021). El Tribunal puede denegar la solicitud si en verdad existe una controversia sustancial sobre hechos esenciales y materiales. *Íd.* Asimismo, el juzgador deberá considerar que, al evaluar la moción de sentencia sumaria, toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone. *Birriel Colón v. Econo y otro*, 2023 TSPR 120.

No se dictará sentencia sumaria cuando: (1) existen hechos esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no se han refutado; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho esencial y pertinente; o (4) como cuestión de derecho no procede. *Serrano Picón v. Multinational Life Ins.*, 212

DPR 981, 992 (2023). Tampoco es aconsejable dictar sentencia sumaria en pleitos donde existe controversia sobre asuntos de credibilidad, o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Cruz, López v. Casa Bella y otros, supra.*

Si el Tribunal determina que es necesario celebrar juicio y, por tanto, declarar No Ha Lugar la petición de sentencia sumaria que tiene ante sí, deberá cumplir con los postulados de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4. En términos literales, la aludida disposición legal lee como sigue:

> *Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.*

Por consiguiente, la precitada regla "exige a los tribunales que, independientemente de cómo resuelvan una Moción de Sentencia Sumaria, emitan una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 117 (2015). En palabras sencillas, nuestro ordenamiento jurídico exige que el Tribunal exprese concretamente cuáles hechos materiales están en controversia.

En cuanto al alcance de la revisión judicial, nuestro Máximo Foro ha reiterado que los tribunales apelativos estamos en igual posición que el foro primario al revisar solicitudes de sentencia

sumaria. *BPPR v. Zorrilla Posada et al.*, *supra.* Es decir, como parte de nuestra función revisora, este foro apelativo deberá hacer una evaluación *de novo* para determinar si existe o no controversia sustancial o real en cuanto a algún hecho material. *Íd.* Empero, estamos limitados a: (1) considerar los documentos que se presentaron ante el foro primario; (2) determinar si existe o no controversia genuina de hechos esenciales y pertinentes, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros, supra.* Esto implica que, en apelación, las partes no pueden esbozar nuevas teorías ni añadir prueba que no se presentó ante el tribunal de instancia. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 611 (2023).

En fin, al revisar una sentencia sumaria dictada por el foro primario este tribunal apelativo debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018).

**III.**

El presente caso trata sobre la denegatoria de una moción de carácter dispositivo, asunto que es revisable bajo la Regla 52.1 de Procedimiento Civil, *supra.* No obstante, concluimos que, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento,

*supra*, no encontramos criterio alguno que nos mueva a intervenir con la controversia planteada.

Nada en el expediente apelativo demuestra que el foro primario haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen nos merece deferencia. En consecuencia, denegamos la expedición del recurso por entender que no cumple con ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra*.

A pesar de que este Tribunal de Apelaciones no tiene la obligación de fundamentar su determinación al denegar un recurso de *Certiorari*,[4] en ánimo de disipar cualquier duda, abundamos.

Según surge del tracto procesal discutido, el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual denegó las solicitudes de sentencia sumaria radicadas por ambas partes. En su escrito, los peticionarios alegan, entre otros errores, que el foro recurrido incidió al no exponer los asuntos en controversia, conforme lo requiere la Regla 36.4 de Procedimiento Civil, *supra*.

Somos conscientes de que, en el caso de *Meléndez González et al. v. M. Cuebas*, *supra*, a la pág. 117, nuestro Tribunal Supremo expresó que, cuando el foro primario declara No Ha Lugar una moción de sentencia sumaria, deberá incluir en su dictamen una "lista" detallada de los hechos que no están en controversia y aquellos que sí lo están. No obstante lo anterior, el precitado caso no define, propiamente, lo que constituye una "lista".

En términos generales, la palabra "lista" se define como aquella "[e]numeración, generalmente en forma de columna, de personas, cosas, cantidades, etc., que se hace con determinado propósito". Véase, Real Academia Española, <u>Diccionario de la Lengua Española</u>, 23da ed., <https://dle.rae.es> (última visita, 24

---

[4] Véase, Regla 52.1 de Procedimiento Civil, *supra*.

de enero de 2025); I. Rivera García, <u>Diccionario de Términos Jurídicos</u>, Equity, 1976, pág. 154.

Ciertamente, la "Resolución" recurrida no enumera los hechos esenciales que el foro de instancia consideró están en controversia. Sin embargo, no es menos cierto que, tras una lectura del dictamen interlocutorio, específicamente la página nueve, se desprende una determinación de aquellos hechos esenciales y pertinentes sobre los cuales el foro *a quo* estimó controvertidos.[5]

La Regla 36.4 de Procedimiento Civil, *supra*, lo que exige es que el Tribunal de Primera Instancia exponga de manera concreta cuáles hechos están en controversia y cuáles no. *Roldán Flores v. M. Cuebas et al, supra*, a la pág. 679. Lo anterior, con el propósito de que este Tribunal, como foro revisor, pueda ejercer su función apelativa adecuadamente. *Meléndez González et al. v. M. Cuebas, supra*, a la pág. 114. A nuestro juicio, el dictamen interlocutorio impugnado cumple con la normativa aplicable y su jurisprudencia interpretativa.

Debido a que nuestra Alta Curia no ha pautado lo que es una "lista", y ante la realidad de que lo que se pretende evitar es que el foro recurrido se limite a expresar que "existen controversias sobre hechos materiales" sin más, concluimos que no existe prejuicio, parcialidad, error manifiesto o abuso de su discreción en el dictamen recurrido.

Después de todo, nuestro Máximo Foro ha manifestado que:

*Aunque las definiciones que encontramos en los diccionarios pueden servir de punto de partida en la búsqueda de una definición jurídica, su utilidad es bastante limitada. Las palabras, nos dice el Código*

---

[5] En específico, el Tribunal determinó que estaban en controversia (1) si los peticionarios obraron de buena fe durante la tramitación del financiamiento; (2) si los recurridos actuaron de buena fe y realizaron las gestiones para asegurar el cumplimiento específico del contrato; (3) si los recurridos, en efecto, obtuvieron una aprobación de financiamiento o si, por el contrario, se trata de una mera aprobación bancaria sin expectativas reales de consumirse. Por ende, sostuvo que era necesario dirimir credibilidad mediante la celebración de una vista.

*Civil, deben entenderse en su sentido usual.[6] Sin embargo, puede no ser tan usual su contexto y, por eso, muy particular su sentido. En realidad, el contexto jurídico define las palabras más allá de lo que diga el diccionario. Y en el contexto jurídico lo que importa no es tanto el definir la frase, sino asegurar su utilidad.* Dávila Nieves v. Meléndez Marín, 187 DPR 750, 781-782 (2013).

### IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari* solicitado por los peticionarios.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Refiriéndose al derogado Art. 15 del Código Civil de 1930, 31 LPRA sec. 15, el cual fue sustituido por el Art. 22 del vigente Código Civil de 2020, 31 LPRA sec. 5344.